IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY M. AUGUSTA,

      Plaintiff,

v.                              CASE NO. 1:13-cv-226-MW-GRJ

UNITED STATES DEPARTMENT
OF DEFENSE, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* complaint.  Doc. 1.  A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

From a review of the complaint, it is clear that Plaintiff's complaint, even liberally construed, is barred by the applicable statute of limitations, and thus fails to state a claim for relief.  Accordingly, his complaint is due to be dismissed.

## Plaintiff's Allegations

Plaintiff initiated this case by filing Doc. 1, a complaint purporting to allege claims

under the Fourteenth Amendment against the United Stated Department of Defense

and the Department of Veterans Affairs.

Plaintiff alleges that he was unlawfully discharged by the United States Navy on

December 13, 1978, and "stigmatized" with personality disorder.  Plaintiff alleges that

he suffered from a severe depressive episode which was the onset of major depressive

disorder.  Plaintiff alleges that he was not diagnosed with personality disorder before his

time in the service, and has never been diagnosed with personality disorder after his

time in the service.  According to Plaintiff, because of his discharge based upon

personality disorder, Plaintiff alleges that his ability to engage in "suitable" employment

was greatly diminished, and that he has been repeatedly denied benefits as a result of

his discharge.

Plaintiff further alleges that "on or about the first week in August [2013]," Plaintiff

learned that the DOD has systematically and wrongfully discharged nearly 26,000

service members who have service-connected disabilities on the basis of alleged

personality disorders.  Although Plaintiff was not a part of this group, he believes that

he was similarly wrongfully discharged. Plaintiff initiated this lawsuit after he learned of

this.

## Discussion

Because Plaintiff has brought suit against the United States Department of

Defense and the Department of Veterans Affairs, his claim is a suit against the United

States.  The time to commence an action against the United States is governed by 28

U.S.C. § 2401(a). This section provides, in relevant part, that "every civil action

commenced against the United States shall be barred unless the complaint is filed

within six years after the right of action first accrues." *Walters v. Secretary of Defense*, 725 F.2d 107 (D.C. Cir. 1983) (holding that the six year statute of limitations established by 28 U.S.C. § 2401 barred the plaintiff's claim to upgrade his discharge from the Marine Corps to honorable, and that the cause of action accrued at the time when the plaintiff began to suffer an alleged disadvantage- his less-than-honorable discharge); *Carter v. Department of the Navy*, 2006 WL 2471520 (D. D.C. 2006) (holding that Plaintiff's claim of wrongful discharge from the Navy in 1978 was barred by the statute of limitations, and that his claims relating to his military discharge began to accrue at the time he was discharged in 1978.)

Plaintiff's cause of action accrued in 1978, at the time he was discharged. Plaintiff affirmatively alleges that he was aware he was discharged in 1978 for personality disorder. Thus, Plaintiff's claim for wrongful discharge is based upon the Navy's actions in discharging the Plaintiff for personality disorder, when, according to Plaintiff, he had not been, and never has been, diagnosed with personality disorder. Plaintiff therefore could have and should have challenged his discharge in 1978 – or no later than six years after his discharge. While Plaintiff says he only recently learned others were wrongly discharged on account of personality disorder the discovery of these facts does not trigger the statute of limitations. The statute was triggered – and the six year period for filing suit challenging the wrongful discharge began to run – in 1978 when he was discharged from the service. *Rease v. Harvey*, 238 Fed.Appx. 492 (11th Cir. 2007) (holding that the statute of limitations under § 2401 began to run when the plaintiff was discharged from the Army, because he knew of his injury and he was aware that he was not receiving a medical separation from the Army.)

In addition to the fact that Plaintiff's claim is time barred, it also appears that Plaintiff has not exhausted his administrative remedies.  Plaintiff's complaint makes no mention that he ever attempted to exhaust the available administrative remedies before filing suit. Generally, a plaintiff challenging an administrative military discharge must exhaust any available administrative remedies before filing suit.  *Hodges v. Callaway*, 499 F.2d 417 (5th Cir. 1974)[1] (holding that the plaintiff was required to exhaust administrative remedies relating to his military discharge, and failure to do so precluded the district court from entertaining suit.)

Although the Court typically would afford a *pro se* litigant an opportunity to file an amended complaint there is no reason to do so in this case because there is no amendment Plaintiff could make to the complaint that would cure the fact that the claim is barred by the six year statute of limitations.

## Conclusion

Accordingly, for the reasons discussed above, it is respectfully **RECOMMENDED** that this case should be dismissed because Plaintiff's claim is barred by the statute of limitations.

**IN CHAMBERS**, at Gainesville, Florida, this 9th day of April 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**